UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSCHEEM GRAY,

        Petitioner,

    v.                            3: 05-cv-0222

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

Petitioner moves for relief under 28 U.S.C. § 2255 based on <u>United States v. Booker</u>, — U.S. —, 125 S.Ct. 738 (2005). Petitioner's motion also implicates, albeit not expressly, consideration of <u>Blakely v. Washington</u>, — U.S. —, 124 S.Ct. 2531 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). For the following reasons, Petitioner's motion is DENIED.

<u>Booker</u> does not apply retroactively to matters on collateral review, thereby precluding relief in this instance. <u>See Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005) (holding that neither <u>Blakely</u> nor <u>Booker</u> apply retroactively). Petitioner's reliance on <u>Booker</u>, therefore, affords him no relief.

Petitioner's arguments under <u>Apprendi</u> and <u>Blakely</u> would also fail. <u>Apprendi</u> held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. at 490. Here, Petitioner plead guilty to an indictment charging violation of 21 U.S.C. 846 for 50 or more grams

of crack cocaine.  See Blakely, 124 S.Ct. at 2537 ("the 'statutory maximum' for

Apprendi purposes is the maximum sentence a judge may impose on the basis of facts

reflected in the jury verdict *or admitted by the defendant*" [emphasis added]).  This

places Petitioner's statutory liability under 21 U.S.C. § 841(b)(1)(A)(iii), which sets a

maximum penalty of life imprisonment.  Petitioner's term of imprisonment of 121

months obviously is below the statutory maximum.  Apprendi is therefore inapplicable to

the present case.

  For the foregoing reasons, Petitioner's motion is DENIED.

IT IS SO ORDERED.

Dated: May 2, 2005

Thomas J. McAvoy
Senior, U.S. District Judge